IN THE UNITED STAETS DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **VERNON HARRIS, JR.,** Individually And On Behalf Of All Others,<br>    Plaintiff,<br><br>vs.<br><br>**COLONNADE SENIOR DEVELOPMENT, LLC** **d/b/a COLONADE SENIOR LIVING**<br>Registered Agent:<br>C T Corporation System<br>208 SO LaSalle Street, Suite 814<br>Chicago, IL  60604<br><br>    Defendant. | Case No.:  3:23-cv-3363<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, and brings the following class action against Colonnade Senior Development, LLC, ("Colonnade" or "Defendant") pursuant to the Biometric Information Privacy Act ("BIPA"). Plaintiff Vernon Harris ("Harris" or "Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), by and through his attorneys, brings the following Complaint pursuant to the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 2-802, against the Defendant, its subsidiaries and affiliates, to redress and curtail Defendant's unlawful collection, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric data. Plaintiff alleges as follows upon personal knowledge as to himself, his own acts and experiences and, as to all other matters, upon information and belief.

PRELIMINARY STATEMENTS

1. Colonnade employees are required to provide fingerprint scans to clock-in and clock-out on a biometric timekeeping device.

2. Biometric identifiers are unique, permanent identifiers associated with each employee.

3. The use of biometric identifiers subject's employees to consequential privacy risks. If a database containing biometric data is stolen, hacked, breached, or otherwise exposed – the employee has no means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

4. As set forth in BIPA, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identify theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS 14/5(c).

5. Unfortunately, biometric data breaches have become common recently such as Yahoo, eBay, Equifax, Uber, Home Depot, MyFitnessPal, Panera, Whole Foods, Chipotle, Omni Hotels & Resorts.

6. Illinois passed the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, et. seq. to protect privacy rights and regulate companies that collect, store, use and disseminate Illinois citizens' biometrics, such as fingerprints.

7. Under BIPA, "biometric information" is defined as any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual. "Biometric identifier", in turn, is defined as a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry.

8. Colonnade has violated its employees' statutorily protected privacy rights and unlawfully collects, stores, disseminates, and uses their biometric data in violation of BIPA.

Specifically, Defendant has violated and continues to violate BIPA because it did not and continues not to:

a. Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA;

b. Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' fingerprints, as required by BIPA;

c. Receive a written release from Plaintiff and others similarly situated to collect, store, or otherwise use their fingerprints, as required by BIPA; and

d. Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their fingerprints to a third party as required by BIPA.

9. Accordingly, Plaintiff, on behalf of himself as well as the proposed Class, seeks an Order: (1) declaring that Defendant's conduct violates BIPA; (2) requiring Defendant to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the proposed Class.

## PARTIES

10. Plaintiff Harris is a resident of Illinois.

11. Defendant is a domestic company doing business in Illinois.

## JURISDICTION AND VENUE

12. This court has jurisdiction over Plaintiff's BIPA claims per 740 ILCS 14/20.

13. Venue is proper in this Court pursuant to 735 ILCS 5/2-101 as Defendant does business in the Southern District of Illinois.

## FACTUAL ALLEGATIONS

14. Plaintiff began working for the Defendant in or about August 2021.

15. Plaintiff and others were required by the Defendant to have their fingerprints captured and stored on database(s).

16. Plaintiff and others were required to clock-in at the beginning of their shift and to clock-out at the end of their shift using a timeclock.

17. Plaintiff and others were also required to clock-in and clock-out for lunch.

18. In order to clock-in and/or clock-out, the Plaintiff and others were required to provide the Defendant with their fingerprint.

19. Plaintiff was never informed, prior to the collection of his biometric identifiers and/or biometric information, of the specific limited purposes or length of time for which Defendant collected, stored, used and/or disseminated his biometric data.

20. A fingerprint is a biometric identifier as defined in 740 ILCS 14/10.

21. The Defendant collected and/or captured the fingerprint of the Plaintiff and others in order to identify the Plaintiff and other proposed class members.

22. The Defendant collected and/or captured Plaintiff's fingerprint in order to track the Plaintiff and proposed class member's time at work.

23. The Defendant collected and/or captured the fingerprint of the Plaintiff and others in order to authenticate the identity of individuals clocking in or out.

24. The Defendant associated the biometric information of the Plaintiff and others with other employee personal and work information.

25. The Defendant failed to comply with Section 15(b) by collecting and/or capturing the fingerprint of the Plaintiff and other individuals without giving proper notice and without obtaining proper authorization in violation of the BIPA.

26. Defendant has engaged and continues to engage in the practice of collecting, storing, and using its employees' biometric information without any informed written consent in violation of all three requirements of Section 15(b).

27. At all times relevant, and in violation of the first requirement under Section 15(b) of BIPA, Defendant never expressly informed its employees that it would collect, store, or use their biometric fingerprint information.

28. In violation of Section 15(b) of BIPA, Defendant never informed its employees of the specified purpose or length for which their fingerprints would be collected, stored, and used. The only knowledge employees were given was the installation of the biometric fingerprint timeclock that they were instructed to use.

29. In another violation of Section 15(b) of BIPA, Defendant never obtained any written release from its employees before it began to collect, store, and use their biometric information. Employees of Defendant were merely shown the biometric fingerprinting system and told to use it to clock-in and out. Employees were never told why the data was being collected, how the data would be stored, or how long it would be stored.

30. Plaintiff does not recall being provided with written notice that a biometric identifier or biometric information was being collected or stored in violation of BIPA.

31. Plaintiff does not recall ever being provided with written notice of the specific purpose and length of term for which a biometric identifier or biometric information was being collected, stored, and used in violation of BIPA.

32. Plaintiff does not recall providing the Defendant with a written release in violation of BIPA.

33. Plaintiff would not have provided the Defendant with the ability to collect and/or capture his biometric information if he had known the Defendant was not complying with applicable law.

34. Defendant's failure to comply with BIPA contributed to the fact that the Plaintiff and the proposed Class were deprived of their substantive right to notice, information, privacy, and other rights.

35. Defendant had a duty to comply with the BIPA.

36. To protect consumer privacy, 740 ILCS 14/15(b) states: No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

    i. informs the subject of the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

    ii. informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which biometric identifier or biometric information is being collected, stored, and used; and

    iii. receives a written release executed by the subject of the biometric identifier or

    iv. biometric information or the subject's legal authorized representative.

37. The manner in which the Defendant collected and/or captured biometric identifiers and/or biometric information of the Plaintiff and other proposed class members is consistent with the Defendant's policies and procedures.

38. Defendant's actions were in reckless disregard of the Plaintiff's rights and of the proposed class members' rights.

39. Defendant's actions were done in negligent disregard of the Plaintiff's rights and of the proposed class members' rights.

40. Defendant acted in deliberate, reckless, and/or negligent disregard of the BIPA.

## CLASS ACTION ALLEGATIONS

41. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

42. Plaintiff brings this action on behalf of himself and all others pursuant to 735 ILCS 5/2-801 on behalf of a class defined as follows:

    **BIPA Class:** All individuals who were the subject of one or more instances in which the Defendant collected and/or captured biometric information from October 12, 2018, through the conclusion of this matter.

### Numerosity

43. The proposed class is so numerous that joinder of all members is impracticable. Defendant regularly fails to comply with Section 15(b) by collecting and/or capturing the fingerprint of the Plaintiff and other individuals without giving proper notice and without obtaining proper authorization in violation of the BIPA. Additionally, the Defendant has engaged and continues to engage in the practice of collecting, storing, and using its employees' biometric information without any informed written consent in violation of all three requirements of Section 15(b). Plaintiff believes that the proposed Class will exceed over one hundred individuals.

### Common Questions of Law and Fact

44. Virtually all the issues of law and fact in this class action predominate over any questions affecting only individual members. Among the questions of law and fact common to the class are:

   A. Whether Defendant collected, captured, maintained, stored or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

   B. Whether Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, storing and disseminating their biometric identifiers or biometric information;

   C. Whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, store and disseminate Plaintiff's and the Class's biometric identifiers or biometric information;

   D. Whether Defendant has disclosed or re-disclosed Plaintiff's and the Class's biometric identifiers or biometric information;

   E. Whether Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

   F. Whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of its last interaction with the individual, whichever occurs first;

   G. Whether Defendant complies with any such written policy (if one exists);

   H. Whether Defendant's violations of BIPA have raised a material risk that Plaintiff's and the proposed Class's biometric data will be unlawfully accessed by third parties;

   I. Whether Defendant used Plaintiff's and the proposed Class's fingerprints to identify them;

   J. Whether the violations of BIPA were committed negligently; and

   K. Whether the violations of BIPA were committed intentionally

and/or recklessly.

### Adequacy of Representation

45. Plaintiff, as a representative, will fairly and adequately protect the interests of the Proposed Class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys that are qualified, competent, and experienced in class action litigation. No conflict exists between Plaintiff and members of the class. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

### Superiority

46. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

47. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the Proposed Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

48. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the classes, so that any final relief is appropriate respecting the Class as a whole.

49. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure

because questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and the proposed Class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution, the Plaintiff is unaware of any similar claims brought against Defendant by any members of the proposed Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class member's claims in a single forum.

50. Plaintiff intends to send notice to all members of the proposed Class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential Class members are available from Defendant's records.

## COUNT I
## 740 ILCS 14/15(b)

51. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

52. 740 ILCS 14/15(b) forbids a private entity from collecting or capturing a person's biometric identifier or biometric information unless the have provided written notice and obtained written authorization.

53. Defendant is a private entity under BIPA. *See* 740 ILCS 14/10.

54. BIPA makes it unlawful for any private entity to collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless [the entity] first: informs the subject or the subject's legally authorized representative in writing that a biometric identifier or a biometric information is being collected or stored; informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

55. Plaintiff and the proposed Class are individuals that had their biometric identifiers or biometric information collected or captured by the Defendant.

56. Plaintiff and the proposed Class are individuals that had their biometric identifiers or biometric information collected or captured by the Defendant in order to identify them.

57. Defendant failed to properly inform the Plaintiff or the proposed Class that biometric identifiers and/or biometric information was being collected or stored.

58. Defendant failed to properly inform the Plaintiff or the proposed Class the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used.

59. Defendant systematically collected, used, and stored biometric identifiers and/or biometric information from the plaintiff and other proposed Class members without first obtaining a proper written release.

60. Defendant violated the rights of the Plaintiff and proposed Class members by collecting, storing, and using biometric identifiers and/or biometric information in violation of BIPA.

61. Defendant had an obligation to be familiar with and comply with the mandates of the BIPA.

62. The BIPA was passed in 2008 and is unambiguous.

63. Defendant acted negligently when it collected, captured, used, and/or stored biometric identifiers and/or biometric information in violation of the unambiguous mandates of 740 ILCS 14/15(b).

64. Defendant acted in with reckless disregard of the BIPA when it collected, captured, used, and/or stored biometric identifiers and/or biometric information in violation of the unambiguous mandates of 740 ILCS 14/15(b).

65. Defendant was aware of the BIPA.

66. Defendant knowingly and/or negligently violated the provisions of the BIPA.

67. Defendant knowingly and/or negligently failed to comply with the BIPA.

68. Plaintiff and the proposed Class members are each entitled to liquidated damages of $1,000 for each and every negligent violation of the BIPA pursuant to 740 ILCS14/20(1).

69. Plaintiff and the proposed Class members are each entitled to liquidated damages of $5,000 for each and every reckless violation of the BIPA pursuant to 740 ILCS14/20(2).

70. Plaintiff and the proposed Class members are each entitled to reasonable attorneys' fees and costs and other liquidated expenses 740 ILCS14/20(3).

71. Plaintiff and the proposed Class members are each entitled to all other relief including injunctive relief as the Court may deem appropriate per 740 ILCS14/20(4).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

    a. Order finding that Defendant committed multiple, separate violations of the BIPA;

    b. Order finding that the Defendant was aware of the BIPA;

    c.    Order finding Defendant recklessly violated the provisions of the BIPA;

    d.    Order finding Defendant recklessly failed to comply with the BIPA;

    e.    Order finding Defendant negligently violated the provisions of the BIPA;

    f.    Order finding Defendant negligently failed to comply with the BIPA;

    g.    Order finding that Defendant acted negligently and/or in deliberate or reckless disregard of the rights of the Plaintiff and proposed Class members and the mandates of the BIPA;

    h.    Order finding that the Defendant's actions meet the standard necessary for an award of liquidated damages, attorneys' fees and costs, injunctive relief, and all other relief as provided by the BIPA; and

    i.    Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEYS FOR PLAINTIFF